UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STEVE SCHROEDER, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

HESS INDUSTRIES, INC., and
MONOMOY CAPITAL PARTNERS, LLC,

        Defendants.
_____/

Case No. 1:12-CV-668

HON. GORDON J. QUIST

## OPINION DENYING DEFENDANT'S MOTION TO STAY LITIGATION AND AMENDING CASE MANAGEMENT ORDER

Plaintiff, Steve Schroeder, brought this action against Defendants Hess Industries, Inc., and Monomoy Capital Partners, LP (MCP),[1] alleging a violation of the Worker Adjustment and Retraining Notification Act of 1988 (WARN Act), 29 U.S.C. § 2101 *et seq.* Defendant MCP has filed a Motion to Stay Litigation (docket no. 29). The motion has been fully briefed and is ready for a decision.[2] For the reasons set forth below, the Court will deny MCP's motion but limit the scope of discovery.

### I. PROCEDURAL BACKGROUND

Schroeder filed this case on June 22, 2012. On July 23, 2012, Hess filed a Suggestion of Bankruptcy (docket no. 5), and this Court administratively closed the matter with regard to Hess on August 8, 2012 (docket no. 10). MCP subsequently filed a Motion to Dismiss, which this Court

---

[1] Monomoy Capital Partners, LP alleges that it was improperly named as Monomoy Capital Partners, LLC. At oral argument on MCP's motion to dismiss, the Court told counsel for both parties to consult and move to amend the case caption to correctly reflect MCP's business entity status. The parties have failed to do so.

[2] MCP has requested oral argument on the motion. However, the motion has been fully briefed, and the Court believes oral argument to be unnecessary. W.D.Mich. LCivR 7.2(d).

denied on January 9, 2013 (docket no. 21). On March 27, 2013, Schroeder filed a Class Action Adversary Proceeding Complaint against Hess in the United States Bankruptcy Court for the District of Delaware.[3] (Ex. A, Docket no. 29, Page ID 242–50.) MCP has now moved to stay this litigation pending resolution of the Adversary Proceeding.

## II. LEGAL STANDARD

Although not found in the Federal Rules of Civil Procedure, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255, 57 S. Ct. at 166. "Thus the burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977). "In determining whether to grant a stay, courts routinely have considered three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Magna Donnelly Corp. v. Pilkington North Am., Inc.*, No. 4:06-cv-126, 2007 WL 772891, at *2 (W.D. Mich. Mar. 12, 2007) (citations omitted).

## III. DISCUSSION

The first factor that courts consider in deciding a motion to stay litigation is whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Here,

---

[3]Case no. 13-50915-KJC.

MCP argues that this matter has been pending for over nine months, a trial date is not scheduled, and Schroeder has not sought to expedite the proceedings. Schroeder responds that it may be several years until the Adversary Proceeding is resolved, and, in all likelihood, there will be insufficient assets in Hess's Chapter 7 bankruptcy to satisfy any judgment that Schroeder may obtain. Moreover, Schroeder argues that the "inherent difficulties" of delay would prejudice him, including the risk that witnesses's memories may fade, witnesses may relocate or become unavailable, and documents may be misplaced.

The Court is persuaded that a stay of litigation presents at least some prejudice to Schroeder. Thus, this factor weighs in favor of denying the motion.

The second factor that courts consider is whether another proceeding is likely to simplify the issues before the court. Here, the parties acknowledge that documents pertinent to the nature of the relationship between Hess and MCP— the central issue in this litigation—are currently held by Giuliano, not MCP, and will likely be obtained in the course of the Adversary Proceeding. MCP argues that in the event that Schroeder is successful in the Adversary Proceeding and receives a distribution from Hess's bankruptcy estate, Schroeder's damage claim against MCP could be reduced. However, it is not certain that the bankruptcy proceeding will significantly simplify the issues before this Court, which relate to MCP and not Hess. Thus, this factor is neutral.

The final factor that courts consider is whether discovery is complete and whether a trial date is set. MCP asserts that a stay is particularly appropriate at this early stage of litigation, where the parties have conducted minimal discovery and have not taken any depositions or retained any experts. Schroeder responds that the parties have engaged in sufficient discovery to deny MCP's motion.

In this case, the Court heard oral argument on MCP's Motion to Dismiss on January 8, 2013. It entered a Case Management Order on March 11, 2013, setting a discovery deadline of July 1,

3

2013 and scheduling the final pretrial conference for November 5, 2013. On April 25, 2013, the Court granted a Stipulated Order extending discovery until September 2, 2013, but not affecting the final pretrial conference date. The parties have engaged in some discovery, including initial disclosures pursuant to Federal Rule fo Civil Procedure 26, first sets of interrogatories, an exchange of search terms for MCP's electronically stored information for Schroeder's Rule 33 and Rule 34 discovery requests, and subpoenas to third parties to produce documents. However, the parties have not taken depositions nor retained expert witnesses. Whether such witnesses are necessary is unknown to this Court.

The Court concludes that the stage of the litigation weighs lightly in favor of granting MCP's motion. Although the parties have engaged in some discovery, significant discovery remains and there is no trial date scheduled. *See, e.g.*, *Ralph Gonocci Revocable Living Trust v. Three M Tool & Mach., Inc.*, No. 02-74796, 2003 WL 22870902 (E.D. Mich. Oct. 7, 2003) (granting stay where action pending less than a year); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815 KMW HBP, 2000 WL 1134471, *3–4 (S.D.N.Y. Aug. 10, 2000) (granting stay, despite that "a great deal of activity" had occurred because significant discovery remained before trial).

On balance, Schroeder has made a showing that there is at least "a fair possibility that the stay for which [MCP] prays will work damage" to Schroeder. *Landis*, 299 U.S. at 254, 57 S. Ct. at 166. Despite that staying litigation may or may not prove more efficient, MCP has not made out "a clear case of hardship or inequity in being required to go forward." *Id.*

Thus, in this close case, the Court will deny MCP's motion and proceed with discovery. However, the Court will limit the issues for discovery to the following:

(1) Evidence and proofs related to Schroeder's argument that Schroeder and purported class members were not given timely notice of the plant closing; and

(2) Evidence and proofs that Hess and MCP were a single employer.

4

Furthermore, on or before June 28, 2013, Plaintiff shall inform MCP and this Court of the following:

(1) Whether or not Hess filed any WARN Act notice, and, if so:

    (a) The date of the filing(s);

    (b) With whom or what the notice was filed or to whom or what it was sent; and

    (c) If a notice or notices were sent, why such notices were not sufficient under the WARN Act.

(2) If MCP asserts that a WARN Act notice was sent by Hess, MCP shall attach a copy of each type of notice together with a general description of the person or class of persons to which or whom the notice was sent.

The November 5, 2013, final pretrial conference is RESCHEDULED to **October 1, 2013, at 10:00 AM**, and a bench trial to decide the single employer issue is set **October 22, 2013, at 9:00 AM**. Trial briefs and Proposed Findings of Fact and Conclusions of Law shall be filed by **October 11, 2013**. Because the Court will hold a bench trial on the possibility of MCP's liability, the Court will strike the deadline for filing dispositive motions. This does not prohibit any party from filing such a motion.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny MCP's Motion to Stay Litigation (docket no. 29) and limit the scope of discovery to the aforementioned issues. The deadline for discovery remains September 2, 2013.

A separate Order will issue.


Dated: May 30, 2013                              /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE